UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELDORADO BROWN,<br>Plaintiff,<br>v.<br>JP MORGAN CHASE BANK NA, et al.,<br>Defendants. | CASE NO. 2:26-cv-01643-BHS<br>ORDER |

THIS MATTER is before the Court on defendant JPMorgan Chase Bank NA's motion to dismiss pro se prisoner plaintiff Eldorado Brown's operative second amended complaint, Dkt. 22, and on Brown's apparently responsive motion for service of that complaint, Dkt. 28. Brown did not otherwise respond to JPMorgan's motion.

Brown mooted JPMorgan's first motion to dismiss by amending his complaint as a matter of right. Dkts. 7 and 8. On August 4, the Court granted JPMorgan's motion to dismiss Brown's amended complaint, Dkt. 11. It gave Brown until September 1 to file an amended complaint, and to properly serve it on JPMorgan consistent with Federal Rule of Procedure 4. Dkt. 19.

Brown's August 27 second amended complaint alleges that he is a JPMorgan customer and that despite its contractual duty to provide him with monthly and quarterly financial reports, it has not done so. Dkt. 22. He relies on his "Deposit Account Agreement" but he has not provided a copy or purported to quote any part of the agreement. He alleges that the contract imposes on the bank a duty to answer his inquiries, to provide the requested statements, and to "notify him when thousands of dollars are placed into his account." *Id*. at 6. He asserts breach of duty, breach of contract, and negligence claims. *Id*. His only new allegation is that if JPMorgan would have notified him of the deposits, he could have bailed out of jail. *Id*. at 5.

Brown's August 31 affidavit of service attests that he served his summons and amended complaint on JPMorgan by emailing them to its counsel. Dkt. 25.

JPMorgan seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) for failure of service, and under Rule 12(b)(6) for failure to state a plausible claim. It correctly points out that emailing a party's attorney is not effective service of process, that the summons Brown used was improper, and that Brown has still failed to comply with Rule 4. Dkt. 27 at 3–5.

JPMorgan further argues that Brown has substantively failed to identify any contract term imposing on JPMorgan the various duties he claims it owed and breached, and that any such duty is contractual and thus could not support a negligence claim in any event. Id. at 6–7. It persuasively contends that Brown should not be permitted further amendment or further time to comply with Rule 4.

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Brown has not responded to the motion. The Court may deem a party's failure to respond to a motion to dismiss an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Local Rule 7(b)(2).

JPMorgan's motion does have merit, and Brown's failure to respond to it is an admission of the same. Brown has not properly served a summons and complaint on JPMorgan under Rule 4, and has not shown good cause for such failure. His claim that he

is incarcerated is true but does not explain why he could not have a process server properly serve his summons and complaint. His motion for the Court's "help" in serving a summons and complaint, Dkt. 28, is **DENIED**.

For these reasons and those articulated in the motion, JPMorgan's Rule 12(b)(6) motion to dismiss is **GRANTED** and Brown's claims against it are **DISMISSED** with prejudice. Brown's motion for service of second amended complaint is **DENIED** as moot.

**IT IS SO ORDERED**.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 27th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge